**804**

■ ·· LOUISE M. FOUQUET, Respondent, v. HAROLD L. WEICHMAN, Appellant. — Order affirmed, with $10 costs and disbursements. All concur. (Appeal from an order of Monroe Special Term, denying defendant's motion for a dismissal of plaintiff's complaint.) Present — McCurn, P. J., Kimball, Wheeler, Williams and Bastow, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LEON CHIMOOK, Appellant, against WALTER B. MARTIN, as Warden of Attica Prison, Respondent.— Order affirmed, without costs of this appeal to either party. All concur. (Appeal from an order of Wyoming County Court, dismissing a writ of habeas corpus and remanding relator to the custody of the warden of Attica State Prison.) Present — McCurn, P. J., Kimball, Wheeler, Williams and Bastow, JJ.

■ GENESEE VALLEY UNION TRUST COMPANY, Respondent, v. BENJAMIN CHARTOFF, Appellant.— Motion for leave to appeal to the Court of Appeals discontinued and dismissed, without costs upon stipulation. Present — McCurn, P. J., Vaughan, Kimball, Williams and Bastow, JJ.

■ SARAH JOHNSTON et al., Appellants, v. LOCKPORT IMPROVEMENT CORP. et al., Respondents.— Appeal dismissed, without costs upon stipulation.

■ JOHN F. DOWNEY, Plaintiff, v. MARINE ELEVATOR Co. et al., Defendants. MARINE ELEVATOR Co., Third-Party Plaintiff-Appellant, v. GRAIN HANDLING Co., INC., Third-Party Defendant-Respondent.— Appeal dismissed, without costs upon stipulation.

■ CLIFFORD R. GERMAO, Plaintiff, v. RULISON G. BIGGER et al., Defendants. — Appeal dismissed, without costs upon stipulation.

■ CLIFFORD R. GERMAO, Plaintiff, v. RULISON G. BIGGER et al., Defendants.— Appeal dismissed, without costs upon stipulation.

■ ANDREW SPEACH et al., Plaintiffs, v. CHARLES SINISGALI et al., Defendants.— Appeal dismissed, without costs upon stipulation.

■ SYRACUSE FOUNDRY INC., et al., Plaintiffs, v. EDWARD JOY COMPANY et al., Defendants.— Appeal dismissed, without costs upon stipulation.

■ JOHN J. PISACANO, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 32472.) — Appeal dismissed, without costs upon stipulation.

## (July 13, 1956)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANCIS CRAIG, Appellant.— Judgment of conviction and order reversed on the law and facts and a new trial granted. Memorandum: The verdict of the jury was contrary to the weight of the credible evidence. It well may be that this verdict was the result of the inadequacy of the charge. The only proof to connect appellant with the commission of the alleged crime of attempted burglary was evidence that he and two companions remained in an automobile parked some distance from the scene of the charged crime after three of his codefendants left the automobile and disappeared. It thus appears that appellant's part, if any, in the attempt to commit the burglary was that of one who was aiding and abetting the active participants. The jury, however, was in no manner instructed upon the rules relating to this subject. The four defendants were considered in the charge as overt actors in the attempted burglary. The court failed to inform the jury as to the difference between one who commits the act constituting the offense and the other, like appellant, who could only have been convicted upon a finding that he aided and abetted in its commission. While neither adequate exception was taken nor proper request to charge was made by appellant's counsel, we find the charge